IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas C. Wilson, ) | C/A No. 0:14-4006-TMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| T. Jacobs, M.D.; Wienglass, M.D.; Matt Ellis, ) | |
| Investigator, SC Attorney General Office, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Thomas C. Wilson ("Plaintiff"), a self-represented pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is a detainee at the Al Cannon Detention Center in Charleston, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that Plaintiff's claims against Defendant Matt Ellis should be dismissed from this case without prejudice and without issuance and service of process.[1]

**I.     Factual and Procedural Background**

The Amended Complaint alleges that Plaintiff has an extensive history of heart disease and treatment.[2] (ECF No. 5-1 at 1-2.) Plaintiff claims that Matt Ellis, an investigator with the South

---

[1] A separate order authorizes the issuance and service of process for Defendants Jacobs and Wienglass.

[2] To preserve issues raised in the case and give liberal construction to the pleadings, the Complaint (ECF No. 1) has been docketed as an attachment to the Amended Complaint in this case. (ECF No. 5-1.)

Page 1 of 7



Carolina Attorney General's Office,[3] facilitated Plaintiff's extradition from Connecticut to South Carolina in May of 2014 for contempt and breach of trust charges. (Id. at 1-2, 6.) Plaintiff names Defendants Jacobs and Wienglass as medical doctors who have allegedly refused to render proper medical treatment for Plaintiff's heart condition since his detention. (Id. at 6-9.) Plaintiff seeks injunctive relief in the form of medical treatment against Defendants Jacobs and Wienglass. (Id. at 17; see also ECF No. 7 at 1.) Plaintiff also seeks injunctive relief against Defendant Ellis in the form of an opportunity to "rebuff" and "redress" the allegedly "baseless assertions" resulting in Plaintiff's extradition and detention. (Id.)

**II.     Discussion**

   **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs

---

[3] The South Carolina Attorney General's Office has not been construed as a separate defendant in this case because Plaintiff appears to list this entity in the Amended Complaint's caption and "parties" section to identify Defendant Ellis. (ECF No. 5 at 1-2.) The court further notes that Plaintiff did not provide separate service documents for this entity. (ECF No. 7.)



of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to

PJG

include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Analysis

The Amended Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Amended Complaint alleges a violation of Plaintiff's constitutional rights associated with actions taken by Defendant Ellis during his investigation of Plaintiff's criminal case and extradition of Plaintiff to South Carolina. As relief, Plaintiff seeks an opportunity to "rebuff [Ellis's] baseless assertions" and "redress" the criminal charges. (ECF No. 5-1 at 17.) However, a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable

relief. Younger, 401 U.S. at 43-44 (citation omitted). From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

In the instant case, the first part of the abstention test is satisfied because Plaintiff states that he is currently detained at the Al Cannon Detention Center for pending criminal charges. (ECF No. 5-1 at 6, 9.) The second part of the test is met as the Supreme Court has held that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting " 'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.' " Gilliam v. Foster, 75 F.3d at 904 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). In this case, Plaintiff can pursue the claims associated with his pending criminal charges in state court both during and after the disposition of such charges. As Plaintiff fails to demonstrate that he has no adequate remedy at law, or that he will suffer irreparable injury if denied the requested injunctive relief, see Younger, 401 U.S. at 43-44, Plaintiff's claims against Defendant Ellis are precluded at this time.

PJG

### III.     Conclusion

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendant Matt Ellis be dismissed from this case without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 7, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).