IN THE UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Thomas C. Wilson, | ) | |
| | ) | Civil Action No. 0:14-4006-TMC-PJG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| T. Jacobs, M.D.; | ) | |
| Wienglass, M.D.; | ) | |
| Matt Ellis, Investigator, SC Attorney | ) | |
| General Office, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Thomas C. Wilson, proceeding *pro se*, brought this 42 U.S.C. § 1983 action against Defendants, alleging that they violated his constitutional rights. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this case was referred to a magistrate judge for all pre-trial proceedings. This case is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's claims against Defendant Matt Ellis be dismissed from this case without prejudice and without issuance and service of process. (ECF No. 13). Plaintiff filed objections to the Report. (ECF No. 19). Accordingly, this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

As set forth above, Plaintiff filed timely objections to the Report. (ECF No. 19). However, Plaintiff's objections fail to address any specific, dispositive portion of the Report.[1] Plaintiff states that he seeks injunctive relief and a forum to raise his claims against Ellis. (ECF No. 19 at 2). He explicitly says that "[i]t makes no sense to sue . . . for money damages in that Ellis more likely than not i[s] judgment proof," (ECF No. 19 at 2), and that he seeks to "rebuff [Ellis's] baseless accusations," and that he wants "redress to the charges." (ECF No. 1 at 17). As the magistrate judge explained, because Plaintiff seeks to have this court enjoin a state criminal process,—in which he could raise his constitutional arguments—the principles of *Younger v. Harris*, 401 U.S. 37 (1971), are applicable, and the court should abstain.

Accordingly, the court adopts the Magistrate Judge's Report (ECF No. 13) and incorporates it herein. It is therefore **ORDERED** that Plaintiff's claims against Defendant Matt Ellis are **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

December 18, 2014
Anderson, South Carolina


### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] In his objections, Plaintiff references that he will suffer irreparable harm because of the doctors' alleged failure to follow heart transplant protocol, and the alleged failure of medical personnel to provide care. (ECF No. 19 at 2). The Report only addressed the claims against Ellis, and in particular, that *Younger* abstention should lead to the dismissal of Ellis because the court should abstain from enjoining state criminal proceedings. (ECF No. 13).