IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas C. Wilson, | ) | C/A No.: 0:14-4006-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| T. Jacobs, M.D.; Wienglass, M.D.; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

      This is a civil action filed by a pretrial detainee. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**MOTIONS TO AMEND**:

      On December 1, 2014, the court received a document from Plaintiff alleging changes in his medical treatment by the defendants since the filing of this action, which the court construed as a motion to supplement (ECF No. 22) the Amended Complaint (ECF No. 5). On December 12, 2014, the court received another document from Plaintiff seeking to add facts to this case associated with his medical care in November and December of 2014, which the court construed as a second motion to supplement the Amended Complaint. (ECF No. 26.) Plaintiff submitted yet another pleading on December 15, 2014, in support of his previously filed motions, which the court construed as an additional attachment (ECF No. 28) to the second motion to supplement (ECF No. 26).

      Under the Federal Rules of Civil Procedure, a court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Fourth Circuit Court of Appeals has clarified that the standard for granting leave to supplement a pleading is "nearly identical" to the standard governing whether to grant a motion to amend. See Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002). Thus, "leave should be freely granted, and should be denied only where 'good reason exists . . ., such as prejudice to the defendants.' " Id. (citation omitted).

      In this instance, Plaintiff's motions to supplement (ECF Nos. 22 & 26) seek to add claims associated with changes in his medical treatment occurring after the date of the Amended

Complaint.[1]  As the defendants have not yet made an appearance in the case, they would not be unduly prejudiced by the court's granting of Plaintiff's motions.  See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (holding that "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile") (emphasis in original) (citation omitted).  Therefore, Plaintiff's motions to amend (ECF Nos. 22 & 26) are granted.  However, Plaintiff is hereby advised that no further motions to supplement or amend the pleadings will be considered until after the defendants have been served with process.

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to file Plaintiff's motion to supplement (ECF No. 22), second motion to supplement (ECF No. 26), and the additional attachments to the second motion to supplement (ECF No. 28) as a Second Supplemental Complaint in this action.  To preserve issues raised in the case and give liberal construction to the pleadings, the Clerk of Court is further directed to append Plaintiff's Amended Complaint (ECF No. 5), and all attachments thereto, as an attachment to the Second Supplemental Complaint.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 18, 2014
Columbia, South Carolina

---

[1] Plaintiff's Amended Complaint asserts claims of deliberate indifference to medical care and medical malpractice against the defendants.  (ECF No. 5.)