IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas C. Wilson, | ) | C/A No. 0:14-4006-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| T. Jacobs, *M.D.*; Wienglass, *M.D.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Thomas C. Wilson, a self-represented pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court on a multitude of motions filed by the plaintiff. (ECF Nos. 18, 43, 50, 52, 60, 61, 64, 73, 75, 77, 78, 89.)

**A.      Motions seeking relief from non-parties**

As an initial matter, Wilson appears to seek various types of relief—including injunctive relief and court sanctions—against individuals who are not parties in this action. Such relief, such as asking the court to order that certain non-party staff allow him to use the telephone, is not available. Accordingly, Wilson's motions seeking relief against non-parties are hereby denied. (ECF Nos. 18, 43, 60, 61, 64, 75.)

**B.      Appointment of Counsel**

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present

depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would the plaintiff be denied due process if the court denied plaintiff's request for counsel. Id. Accordingly, Wilson's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied. (ECF No. 43.)

**C.     Motion to Amend/Correct the Amended Complaint**

Wilson files multiple motions in which he seeks to amend his Amended Complaint. (ECF Nos. 50, 75, 77.) In his first motion, Wilson seeks to add two defendants whom he alleges were deliberately indifferent to his medical needs in March 2015 when they allegedly refused him an extra mattress. (ECF No. 50.) Where the claim against a new defendant arises out of the same transaction, occurrence, or series of transactions or occurrences *and* there is a common question of fact or law, a plaintiff may join the new defendant into an existing action. See Fed. R. Civ. P. 20(a)(2). Wilson's claims against these defendants do not arise out of the same transaction or occurrence as his civil rights claims against the existing two physician defendants, which primarily concern the medical care he received immediately following his May 2014 transfer from Connecticut to the Al Cannon Detention Center in South Carolina and the Medical University of South Carolina. Therefore, Wilson's motion to amend is denied.

In his remaining motions to amend, Wilson appears to move to add Investigator Matt Ellis, Sally Chickering, and Lashanda Hicks as defendants. These motions were filed after the expiration of the deadline to amend/correct pleadings established by the court's scheduling order, and Wilson



has not presented any good cause to extend the deadline. See <u>Nourison Rug Corp. v. Parvizian</u>, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). Furthermore, the court finds that justice does not require the proposed amendments under Rule 15(a)(2). Accordingly, Wilson's motions to amend are denied.

**D.     Motions to Disqualify Defendants' Counsel**

Wilson moves to disqualify counsel for the defendants from this matter apparently on the basis that counsel's law firm has represented the Al Cannon Detention Center and the Charleston County Sheriff's Office in the past. (ECF Nos. 73, 75, 77.) The South Carolina Rules of Professional Conduct state that, with certain exceptions, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest."[1] SCACR 407, Rules of Prof. Conduct, Rule 1.7. The United States Court of Appeals for the Fourth Circuit has recognized that disqualification of counsel is a drastic measure that is not subject to "overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel." <u>Shaffer v. Farm Fresh, Inc.</u>, 966 F.2d 142, 146 (4th Cir. 1992), <u>cert. denied</u> 506 U.S. 1021 (1992). However, courts should "always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." <u>Id.</u> Accordingly, an individual seeking to disqualify an opposing

---

[1] A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

SCACR 407, Rules of Prof. Conduct, Rule 1.7.



party's counsel "bears a high standard of proof to show that disqualification is warranted." <u>Buckley v. Airshield Corp.</u>, 908 F. Supp. 299, 304 (D. Md. 1995) (quoting <u>Tessier v. Plastic Surgery Specialists, Inc.</u>, 731 F. Supp. 724, 729 (E.D. Va. 1990)).

Wilson has not presented evidence sufficient to meet his burden of proof that defendants' counsel should be disqualified. Accordingly, his motions are denied.

### E.     Motions to Compel, for Contempt, and for a Hearing

Wilson files several motions in which he alleges that he has not received requested discovery documents. (ECF Nos. 60, 64, 73, 75.) He also asks for various individuals to be held in contempt for not allowing him to keep his discovery documents and asks that the defendants be held in contempt for providing incomplete discovery. (ECF Nos. 64, 75, 77, 78.) He further moves that a hearing be held on these issues. (ECF Nos. 61, 64, 89.)

To the extent that Wilson moves for non-defendant individuals to deliver discovery documents or to be held in contempt for not allowing him access to his discovery documents, as addressed above, he has not brought any action conveying personal jurisdiction over these non-parties, and thus Wilson's motions seeking relief against non-parties are denied.

In response to Wilson's motions to compel, the defendants argue and provide evidence that they have produced voluminous amounts of discovery to Wilson, and that Wilson signed Acknowledgments of Receipt of these documents on March 26, 2015 and on June 11, 2015 when the defendants supplemented their prior document production. (<u>See</u> ECF Nos. 84-1 & 84-2.) The defendants argue, and the court agrees, that to the extent Wilson seeks to compel the defendants to further respond to his initial discovery requests, his motion is untimely pursuant to Local Civil Rule 37.01 (D.S.C.). According to the defendants, Wilson served additional discovery requests for the



production of documents in May 2015, which they argue are untimely pursuant to the scheduling order in this case.  The court agrees.  Accordingly, Wilson's motions to compel are denied and, in light of this ruling, Wilson's requests for sanctions and for a hearing on these issues are also denied.

**F.     Discovery Motions**

Wilson appears to seek to depose defendants and non-party individuals as well as request subpoenas *duces tecum* from non-party individuals and entities.  (ECF No. 52.)  Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure.  These rules are applicable to all litigants including those who are proceeding *pro se*.  According to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

**1.     Motion for Depositions**

Except under certain circumstances in which leave of the court is required, see Fed. R. Civ. P. 30(b)(2), a party may take an oral deposition of another person, including a party, without leave of the court by serving written notice on the opposing party.  See Fed. R. Civ. P. 30.  The deponent's attendance may be compelled by subpoena pursuant to Rule 45.  While Wilson's motion is unclear as to whether he is seeking subpoenas to enforce attendance at a deposition or whether he is simply informing the court of his desire to depose these individuals, he does not specify if he has served any notices of deposition upon the individuals prior to filing his motion pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure.  Wilson is advised that subpoenas for the attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees.  See Fed. R. Civ. P. 45(b)(1).  Moreover, he has made no showing as to how any of the testimony he seeks is relevant to his claims and therefore within the scope of permissible discovery



under the Federal Rules of Civil Procedure. Accordingly, to the extent Wilson seeks to depose individuals or to subpoena their attendance at a deposition, his motion is denied.

### 2. Motion for Subpoenas *duces tecum*

The court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(d)(1); Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (finding that the court may refuse an indigent party's request to have the United States Marshals Service serve a Rule 45 subpoena *duces tecum* that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process"). The court notes that, although the plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. See, e.g., Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). While the plaintiff's *in forma pauperis* status may permit service of a subpoena *duces tecum* by the United

States Marshals Service without prepayment of the cost of service,[2] the court must limit a plaintiff's discovery requests if the documents sought from the non-party are "cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(C); see also Badman, 139 F.R.D. at 605 ("The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*."). Additionally, the plaintiff should demonstrate that the requested records are obtainable only through the identified third party and that he has made provisions to pay the reasonable costs associated with the discovery he seeks. See Badman, 139 F.R.D. at 605; Sickler v. Curtis, No. 2:11-cv-0205, 2012 WL 3778941, at *2 (E.D. Cal. Aug. 31, 2012).

In his current motion, Wilson seeks documents from four non-party individuals or entities: (1) Matt Ellis, whom Wilson identifies as an investigator with the South Carolina Attorney General's Office; (2) Julie J. Armstrong, the Clerk of Court for Charleston County; (3) the Medical University of South Carolina ("MUSC"); and (4) the Carolina Center for Occupational Health. Wilson appears to seek his own medical records from Armstrong, MUSC, and the Carolina Center for Occupational Health. As these documents are available to Wilson through a "more convenient, less burdensome, or less expensive" manner, his request for subpoenas *duces tecum* as to these individuals or entities is denied. See Fed. R. Civ. P. 26(b)(2)(C).

---

[2] The plaintiff is advised that the cost of service by United States Marshals Service is considered an item of cost which may, at the court's discretion, be included as judgment against the plaintiff at the conclusion of the action pursuant to 28 U.S.C. § 1915(f) if the plaintiff does not prevail. See Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir. 1981); 28 U.S.C. §§ 1920, 1921(a)(1) (stating that the court may tax as costs fees of the United States Marshals Service, such as the service of subpoenas).



With regard to Investigator Matt Ellis, Wilson has not presented the information necessary for the issuance of a subpoena *duces tecum*. Specifically, Wilson must:

(1) clearly identify what documents he is seeking and from whom;

(2) explain how the requested documents are relevant to his case;

(3) show that the requested documents are obtainable only through the identified third party;

(4) show that he has arranged for service of his proposed subpoenas *duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure or, in the alternative, provide the court with completed USM-285 forms so that service can be effected by the United States Marshals Service (see 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3)); and

(5) demonstrate to the court that he has made provision or has the funds necessary to pay the subpoenaed party for the costs associated with the production of the requested documents.

Wilson's motion for a subpoena is therefore denied as to Investigator Matt Ellis with leave to re-file to provide the court with the additional information outlined above within fourteen (14) days from the date of this order. (ECF No. 52.) In light of this order, Wilson's motion for an extension of time of various scheduling order deadlines based on his assertion that nonparties are withholding documents from him is denied. (ECF No. 60.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 3, 2015
Columbia, South Carolina

Page 8 of 8