IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Thomas C. Wilson, ) | |
| ) | Civil Action No. 0:14-4006-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| T. Jacobs, M.D., and B. Weissglass, M.D., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 80). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., these matters were referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' motion. (ECF No. 109 at 11). Plaintiff was advised of his right to file objections to the Report. (ECF No. 109 at 12). In lieu of filing objections, Plaintiff filed a letter requesting an appeal of the Report. (ECF No. 111-1).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

1

In his letter which has been docketed as objections, Plaintiff indicates that he wishes to "appeal the court's decision and have the case moved to the appeals court in Richmond." (ECF No. 111-1). Plaintiff cannot appeal a magistrate judge's Report directly to the Fourth Circuit. *See Sanders v. Gaston Cty. Admin. Gov't*, 230 F.3d 1354 (4th Cir. 2000). The court will, out of an abundance of caution, construe his notice of appeal as as an appeal of a magistrate judge's order denying his motion to amend the complaint (ECF No. 108), and will also construe his notice of appeal as objections to the Report.

Fed. R. Civ. P. R. 72 (a) provides as follows:

Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Accordingly, Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). As a non-dispositive matter, the review of a magistrate judge's order is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.* Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985).

2

The magistrate judge's text order provides that Plaintiff's motion to amend the complaint is denied as untimely pursuant to the scheduling order and that Plaintiff failed to meet the standards provided for in Fed. R. Civ. P. 15(a)(2). (ECF No. 108). Plaintiff's notice of appeal does not provide any justification for overturning the magistrate judge's order. (ECF No. 111). Plaintiff's motion to amend was filed on November 3, 2015. (ECF No. 100).[1] On March 31, 2015, after the deadline to amend the pleadings in the scheduling order had expired, the magistrate judge entered a text order that provided: "Motions to amend pleadings shall be filed no later than April 20, 2015. Amendments of pleadings beyond this date will not be permitted absent extraordinary circumstances." (ECF No. 55) (emphasis in the original).

Generally, motions to amend a pleading are governed by Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, a court should deny a motion to amend "only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)).

However, once a scheduling order has been entered and the time period to file amendments to the pleadings has expired, the party moving to amend must first satisfy Rule 16(b), which requires a movant to show "good cause" for the amendment. *Id.* at 298; *see also O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154–55 (1st Cir. 2004) (noting that "Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely given' standard, governs motions to amend filed after scheduling order deadlines"). Unlike Rule 15(a)'s standard, Rule 16(b)'s

---

[1] Pursuant to the "prison mailbox rule," a document is treated as filed by a pro se prisoner when it is delivered to the prison mailroom. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (citation omitted).

3

standard "focuses on the timeliness of the amendment and the reason for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel County, MD.*, 182 F. App'x 156, 162 (4th Cir. 2006). "Good cause exists when a party's reasonable diligence before the expiration of the amendment deadline would not have resulted in the discovery of the evidence supporting a proposed amendment." *Firemen's Ins. Co. of Washington D.C. v. Glen-Tree Investments, LLC*, No. 7:11-cv-59, 2012 WL 4191383, at *3 (E.D.N.C. Sept. 19, 2012) (citations omitted). Thus, "[t]he movant must demonstrate that despite his diligence he could not meet the original deadline or offer the amendment sooner." *In re Understanding Corp.*, No. 08-81398, 2009 WL 4059047, at *3 (Bankr. M.D.N.C. Nov. 19, 2009) (citations omitted). "If the movant satisfies Rule 16(b)'s 'good cause' standard, it must *then* pass the requirements for amendment under Rule 15(a)." *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997) (emphasis in original).

In his motion to amend the complaint, Plaintiff provided no justification that would indicate good cause or extraordinary circumstances for failing to file his motion within the time period set forth by the magistrate judge. *See* (ECF No. 100). The claims sought to be added by Plaintiff revolve around new alleged violations of his constitutional rights that occurred in August, October, November of 2015. (ECF No. 100). Plaintiff's second amended complaint involves alleged constitutional violations relating to his extradition from Connecticut to South Carolina in May 2014, and alleged substandard medical care he received thereafter. (ECF No. 34). Plaintiff filed this case on October 10, 2014. (ECF No. 1). In addition to denying the motion for failing to show good cause or extraordinary circumstances, the motion to amend the complaint was properly denied because Plaintiff's new claims involve allegations of conduct that post-date the allegations in the original complaint. *See Cunningham v. Flowers*, 218 F.R.D. 453,

4

454 (D. Md. 2003) ("It is 'implicit in Rule 15 that a plaintiff may amend his complaint only to add matters that would have been proper to include in the original complaint.'" (quoting *Martinez v. Safeway Stores, Inc.,* 66 F.R.D. 446, 448 (N.D. Cal. 1975)).  In addition, the proposed claims would be futile in light of the arguments set forth in the motion for summary judgment.  *See Nourison Rug Corp.*, 535 F.3d at 298.

Although Plaintiff failed to file any objections to the Report,[2] the court has carefully and thoroughly considered the Report and the record in this case.  Finding no clear error, the court adopts the magistrate judge's Report (ECF No. 109) and incorporates it herein.  It is therefore **ORDERED** that Defendants' motion (ECF No. 80) is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

February 22, 2016
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The court notes that Plaintiff knows how to file objections and has done so in this case and another case before this court.  *See* (ECF No. 19); *Wilson v. Chickering*, No. 15-4166 (D.S.C. filed Oct. 7, 2015).  The court may take judicial notice of such orders.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).